No. DA 06-0083

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 39N

CITY OF KALISPELL

        Plaintiff and Respondent,

   v.

DAVID EARL BURGERT, JR.,

        Defendant and Appellant

APPEAL FROM:    District Court of the Eleventh Judicial District,
                      In and For the County of Flathead, Cause No. DC-02-253A
                      Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Mark R. Sullivan, Attorney at Law, Kalispell, Montana

        For Respondent:

        Hon. Mike McGrath, Attorney General; C. Mark Fowler,
        Assistant Attorney General, Helena, Montana

        Charles Harball, Kalispell City Attorney, Kalispell, Montana

Submitted on Briefs:  January 10, 2007

Decided:  February 13, 2007

Filed:

_____
                       Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     A jury seated in the Kalispell Municipal Court found David Earl Burgert, Jr., guilty of the misdemeanor offenses of resisting arrest and obstructing a police officer.  Burgert appealed to the Eleventh Judicial District Court, Flathead County, which affirmed his conviction in June of 2004.  Following a series of procedural missteps and diversions, blame for which there is plenty to go around, Burgert now appeals from the District Court's order entered in January of 2006 denying his request for reconsideration of its order entered in June of 2004.  We affirm.

¶3     Burgert first argues that the District Court erred in declining to overturn the Municipal Court's denial of his pretrial motion to dismiss based on lack of evidence to establish probable cause that he acted knowingly or purposely to impede a police officer.  We review the denial of a motion to dismiss for lack of probable cause for abuse of discretion.  *State v. Elliott*, 2002 MT 26, ¶ 27, 308 Mont. 227, ¶ 27, 43 P.3d 279, ¶ 27 (citation omitted).  Here, the City of Kalispell presented considerable evidence to the Municipal Court, in the form of several police officers' testimony, to show that Burgert "knowingly" obstructed a police officer and resisted arrest.  We hold that the Municipal Court did not abuse its discretion in

2

denying Burgert's pretrial motion to dismiss and the District Court did not err in affirming that determination.

¶4 Burgert next argues the District Court erred in declining to overturn the Municipal Court's denial of his motion for a directed verdict. We review a trial court's decision to deny a criminal defendant's motion for a directed verdict for abuse of discretion. *State v. Brady,* 2000 MT 282, ¶ 20, 302 Mont. 174, ¶ 20, 13 P.3d 941, ¶ 20 (citations omitted). Again, the City of Kalispell presented considerable evidence at trial to support the charges that Burgert resisted arrest and obstructed a police officer. We hold that the Municipal Court did not abuse its discretion in denying Burgert's motion for a directed verdict, and the District Court did not err in declining to overturn the Municipal Court's determination.

¶5 As his third issue, Burgert claims the District Court erred "in its failure to inform Burgert of the potential pitfalls of proceeding pro se." In the case upon which Burgert relies, *State v. Insua*, 2004 MT 14, 319 Mont. 254, 84 P.3d 11, the defendant waived his right to counsel and conducted his own self-representation, with available standby counsel. In this case, in contrast, Burgert simply began filing documents pro se in addition to being represented by counsel, and the District Court allowed him to do so. Burgert never waived his right to counsel as did the defendant in *Insua*, and his counsel never withdrew or proceeded on standby status. Burgert has failed to establish error in this regard.

¶6 Finally, Burgert argues that Montana's statutes defining the crimes of resisting arrest and obstructing a peace officer are unconstitutional. He claims both statutes "encourage[]

3

police misconduct." Burgert cites only his counsel's personal anecdotes as authority to support this contention.

¶7     Burgert did not raise these claims before the Municipal Court or the District Court. As a general rule, an appellant is limited to issues that were properly preserved in the trial court. *See State v. Lafley*, 1998 MT 21, ¶ 26, 287 Mont. 276, ¶ 26, 954 P.2d 1112, ¶ 26 (citations omitted). We decline to address this matter raised for the first time on appeal to this Court.

¶8     Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE

4